# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SAL UGLIETTA,
>            *Plaintiff-Appellant,*

and

PAMELA UGLIETTA,
>            *Plaintiff,*

v.                              No. 00-1053

WILLIAM BRADFORD REYNOLDS;
BUSCH PROPERTIES, INCORPORATED,
d/b/a Kingsmill Golf Club, d/b/a
Kingsmill Inn, a Delaware
Corporation,
>            *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-829-A)

Argued: September 29, 2000

Decided: October 20, 2000

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Joseph Armand Artabane, ARTABANE & BELDEN,
P.C., Washington, D.C., for Appellant. Michael Joseph Carita,

TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, Fairfax, Virginia, for Appellee Reynolds; William Franklin Devine, HOFHEIMER NUSBAUM, P.C., Norfolk, Virginia, for Appellee Busch Properties. **ON BRIEF:** John M. Elliot, Dion G. Rassias, ELLIOT, REIHNER, SIEDZOWSKI & EGAN, P.C., Blue Bell, Pennsylvania, for Appellant. John D. McGavin, TRICHILO, BAN-CROFT, MCGAVIN, HORVATH & JUDKINS, Fairfax, Virginia, for Appellee Reynolds.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sal Uglietta brought this diversity negligence action against William Bradford Reynolds and Busch Properties, doing business as Kingsmill Golf Club. Uglietta was injured while playing golf at the Kingsmill Golf Club when Reynolds' minor guest accidentally caused Reynolds' golf cart to lurch forward, striking Uglietta. The district court granted summary judgment to Reynolds and Busch. Uglietta now appeals that ruling. We affirm.

I.

Busch owns and operates the Kingsmill Resort and Conference Center and the Kingsmill Golf Club in Williamsburg, Virginia. Uglietta and his wife were guests at the resort over the long Fourth of July weekend in 1997. On July 6, Mr. and Mrs. Uglietta signed up to play a round of golf on the Kingsmill River Course. A Kingsmill employee paired the Ugliettas with Mr. Reynolds and his companion, Ms. Wooster, to make a foursome. Reynolds and Wooster, who were also guests at the resort, were accompanied by Wooster's twelve-year-old daughter, Brooke. Reynolds and Wooster share a home, where Brooke lives as well, but the couple is not married and Reynolds is not Brooke's father.

Reynolds, Wooster and Brooke all rode together in one golf cart, even though the golf carts were designed to carry only two people. Indeed, posted inside the golf carts at Kingsmill were warnings from the manufacturer stating that only two persons should sit in the front seat of the cart. Reynolds claims that he informed a Kingsmill employee that Brooke would be accompanying him and Wooster and that he was told that they could all ride in one cart so long as Brooke did not drive the cart. However, the Kingsmill employee stated in his deposition that he did not give Reynolds permission to take three people in the golf cart. It is undisputed that Kingsmill employees witnessed the three riding in the golf cart at some point prior to the accident.

As the golfers arrived at the fourth tee, the Ugliettas parked their golf cart in front of Reynolds' cart. Reynolds got out of his cart and walked to the tee. He did not turn the cart off, nor did he place it in the neutral gear; rather, he simply activated the brake and exited the cart. Wooster and Brooke remained in the cart; Brooke then turned around and sat down on the dashboard of the golf cart, facing her mother in the front seat. When Mr. Uglietta walked to the back of his cart to retrieve his clubs, Brooke stood up again, and, as she did so, she accidentally stepped on the golf cart's accelerator, causing the cart to lurch forward and strike Mr. Uglietta, pinning his leg between the two carts. Mr. Uglietta suffered a broken ankle as a result of the accident.

The Ugliettas brought suit against Reynolds and Busch, alleging that Busch was negligent in permitting the three-person Reynolds group to ride together in a two-person golf cart, and that Reynolds was negligent for failing to supervise Brooke. After discovery was concluded, both Reynolds and Busch moved separately for summary judgment. The district court granted Reynolds' motion for summary judgment on the ground that, as Reynolds was not Brooke's father, he had no duty to supervise her or otherwise control her actions, and that no other special relationship existed between Brooke and Reynolds that would render him liable for her actions. In a separate opinion, the district court also granted Busch's motion for summary judgment, basing its decision on two grounds. First, the district court concluded that Uglietta had failed to show a causal link between Busch's alleged negligence in permitting three people to ride in the cart and Uglietta's

injury. Second, the district court found that Uglietta was contributorily negligent for walking behind the golf cart, which was prohibited by the rules posted inside the golf carts.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result.[1] We therefore affirm the district court's holding that neither Reynolds nor Busch was negligent as a matter of law, and affirm the grant of summary judgment largely on the reasoning of the district court. *See Uglietta v. Busch Properties et al.*, Civ. A. No. 99-829-A (E.D. Va. Dec. 7, 1999); *Uglietta v. Busch Properties*, Civ. A. No. 99-829-A (E.D. Va. Dec. 15, 1999).[2]

*AFFIRMED*

---

[1]We note that we do not believe Uglietta can be held contributorily negligent as a matter of law because he assertedly violated posted warnings by walking behind his golf cart. This was, however, only an alternate holding. The grant of summary judgment was still appropriate because Uglietta has failed to offer facts from which a reasonable jury could find that Busch's alleged negligence was the proximate cause of his injury.

[2]At oral argument, Uglietta contended that, independent of his failure to supervise Brooke, Reynolds was negligent for failing to put the golf cart in neutral before exiting it. It is undisputed that, had the cart been in neutral, merely depressing the accelerator, as Brooke did, would not have caused the cart to lurch forward. Assuming *arguendo* that Reynolds' failure to put the cart in neutral constituted negligence on his part, it still does not change the result because this was not the proximate cause of Uglietta's injury. Under Virginia law, the proximate cause "of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Banks v. City of Richmond*, 232 Va. 130, 135, 348 S.E.2d 280, 282 (1986) (internal citations omitted). Applying this definition, the proximate cause of Uglietta's injury was Brooke's act of accidentally depressing the accelerator.